UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN M.  ADORNO, JOHN CASTRO,
HECTOR MARTINEZ, JUAN D.  MENDEZ,       :
SILFREDO RIVERA, ERICK TORRES
and ALBERTO WELCH,                      :       File No.  06 CV 593 (DC)

                   Plaintiffs,            :       **AMENDED
                                                 COMPLAINT**
                                        :

      v.                                :

THE PORT AUTHORITY OF NEW YORK          :
AND NEW JERSEY,                         :       Electronically Filed

                 Defendant.             :
-----------------------------------------------------------X

       Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D.  Mendez,

Silfredo Rivera, Erick Torres and Alberto Welch, for their Complaint against

Defendant, the Port Authority of New York and New Jersey (the "Port

Authority"), allege, upon knowledge with respect to themselves and upon

information and belief as to all other matters, as follows:

## NATURE OF ACTION

      1.     This is an action to redress the deprivation of rights secured to the

Plaintiffs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000(e), as well as 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Plaintiffs are

1

and continue to be victims of national origin, racial and ethnic discrimination and retaliation in the scope of their employment with Defendant.

2.    In or about June and July of 2005 each Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that because of national origin, each Plaintiff had been subjected to ongoing discriminatory treatment and retaliation, as alleged herein.

3.    On October 26, 2005, the EEOC issued a right to sue letter to each Plaintiff.  This action was commenced within 90 days of each Plaintiff's respective receipt of his right to sue letter.

4.    In or about October 2005, Plaintiffs Adorno, Castro, Mendez, Martinez, Torres and Welch filed what they denominated "amended" Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

5.    In their new EEOC filings Plaintiffs alleged that they had been subjected to ongoing discriminatory treatment and retaliation due to their race, national origin, color and ethnicity, and that they were retaliated against because they asserted their Title VII rights.  They also alleged that the selection criteria used by the Port Authority was improper in that it was not objective and allowed for subjective decisions to determine who to promote with the result being that Hispanics have been improperly denied promotion.

2

6.     The EEOC converted what had been denominated as "amended" EEOC charges into new EEOC charges and assigned new charge numbers for each amended charge.

7.     On January 31, 2006, the EEOC issued a right to sue letter to each of the Plaintiffs who filed an "amended" charge.  This Amended Complaint was served and filed in April 2006, prior to the expiration of 90 days from the Plaintiffs' respective receipt of their right to sue letters, to incorporate the causes of action flowing from the new charges.  Plaintiffs have fully complied with all prerequisites to jurisdiction in the Court under applicable law.

## PARTIES

8.     Plaintiff John M.  Adorno is an individual residing in Union, New Jersey.  Mr.  Adorno is and was at all times herein stated, a police officer employed by the Port Authority.  John M.  Adorno is Hispanic and, as such, is a member of a protected class.

9.     Plaintiff John Castro is an individual residing in North Babylon, New York.  Mr.  Castro is and was at all times herein stated, a police officer employed by the Port Authority.  John Castro is Hispanic and, as such, is a member of a protected class.

10.     Plaintiff Hector Martinez is an individual residing in Fresh Meadows,

3

New York.  Mr.  Martinez is and was at all times herein stated, a police officer employed by the Port Authority.  Hector Martinez is Hispanic and, as such, is a member of a protected class.

11.     Plaintiff Juan D.  Mendez is an individual residing in West Farmingdale, New York.  Mr.  Mendez is and was at all times herein stated, a police officer employed by the Port Authority.   Juan D. Mendez is Hispanic and, as such, is a member of a protected class.

12.     Plaintiff Silfredo Rivera is an individual residing in Sayreville, New Jersey.  Mr.  Rivera is and was at all times herein stated, a police officer employed by the Port Authority.  Silfredo Rivera is Hispanic and, as such, is a member of a protected class.

13.     Plaintiff Erick Torres is an individual residing in Islandia, New York.  Mr.  Torres is and was at all times herein stated, a police officer employed by the Port Authority.  Erick Torres is Hispanic and, as such, is a member of a protected class.

14.     Plaintiff Alberto Welch is an individual residing in Sayreville, New Jersey.  Mr.  Welch is and was at all times herein stated, a police officer employed by the Port Authority.   Alberto Welch is Hispanic and, as such, is a member of a protected class.

15.     Defendant the Port Authority of New York and New Jersey is a bi-state transportation agency that manages the bridges, tunnels, bus terminals, airports, Port Authority Trans-Hudson (PATH) and seaports in the New York metropolitan area.  At all relevant times, the Port Authority was and is a state actor, has employed over 1000 police officers, and has been continuously, and is now, doing business in the States of New York and New Jersey.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

17.     The Port Authority is subject to personal jurisdiction in this Court under 28 U.S.C. § 301.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 139(b).

## FACTUAL ALLEGATIONS

19.   The Port Authority maintains an active police force.

20.     Port Authority police officers begin their careers as uniformed officers.

21.     The rank of Detective is higher than a uniformed police officer and Detectives are paid more than uniformed police officers.

22.     In order to qualify for promotion to Detective, police officers must,

within a fourteen (14) day period set by the Promotion Opportunity Announcement for Detectives, submit a handwritten request for promotion ("handwritten request") to their respective commanding officers.

23.    Anyone with at least two years of service as a Port Authority police officer may submit a handwritten request.

24.    Upon a commanding officer's receipt of a handwritten request, the commanding officer is supposed to compile a recommendation and forward the recommendation to police headquarters ("Headquarters").

25.    Upon Headquarters' receipt of the recommendation, Headquarters either chooses to accept the recommendation or to disregard it.

26.    If a recommendation is accepted by Headquarters, the police officer who submitted the handwritten request is promoted to the rank of Detective.

27.    Upon information and belief, Promotion Opportunity Announcements for Detectives were issued in July 2002 and May 2005.

28.    Plaintiffs Adorno, Castro, Mendez, Martinez, Torres and Welch submitted handwritten requests in response to the July 2002 Promotion Opportunity Announcement for Detectives.

29.    On information and belief, only 4 Hispanic police officers were promoted to Detective from the 2002 handwritten requests despite the fact that

6

many more, including Plaintiffs Adorno, Castro, Mendez, Martinez, Torres and Welch, had submitted handwritten requests.

30.     Plaintiffs Castro, Mendez, Martinez, and Torres submitted handwritten requests in response to the May 2005 Promotion Opportunity Announcement for Detectives.

31.     On information and belief, no Hispanic police officers were promoted to Detective from the 2005 handwritten requests despite the fact that many more, including Plaintiffs Castro, Mendez, Martinez, and Torres, had submitted handwritten requests.

32.     On information and belief, many more Caucasian police officers were promoted to the position of Detective than Hispanics in connection with the 2002 and 2005 Promotion Opportunity Announcements, as well as through other informal means of promotion.  But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Adorno, Castro, Mendez, Martinez, Torres and Welch would have been promoted to Detective.

33.     Both uniformed police officers and Detectives are supervised directly by police officers who have obtained the rank of "Sergeant" or "Detective Sergeant".

34.     The rank of Sergeant is the first official supervisory level in the

7

leadership hierarchy of the Port Authority police department.  Above the rank of Sergeant are the ranks of Detective Sergeant, Lieutenant, Detective Lieutenant, Captain, Inspector, Assistant Chief, Deputy Chief, and Chief of the Department. Each rank in the hierarchy is paid more than the ranks below.

35.    Sergeants are paid approximately 20-25% more than uniformed officers.

36.    A police officer cannot be promoted to higher supervisory ranks without first being promoted to Sergeant.

37.    In order to qualify for promotion to Sergeant, police officers must pass an examination that is administered approximately every three years ("Sergeant's examination").  The Sergeant's examination contains a written portion and may contain an oral portion.

38.    Anyone with at least two years of service as a Port Authority police officer may take the Sergeant's examination.

39.    The written portion of the Sergeant's examination is a three-hour test consisting of multiple choice questions based upon reading material distributed prior to the test.

40.    Candidates who pass the written portion of the Sergeant's examination may then be required to take the oral portion of the exam.  The oral

8

portion of the Sergeant's examination requires candidates to answer three questions selected by two evaluators.

41.    Officers who pass the Sergeant's examination are placed on a list of individuals eligible for promotion to Sergeant.

42.    Each eligibility list is active for approximately three years.  During the life-span of the list, individuals on the list remain eligible for promotion to Sergeant.

43.    Passing the Sergeant's examination does not guarantee promotion to Sergeant.

44.    On information and belief, only 5 Hispanic police officers were promoted to Sergeant from the 1999 Sergeant's list despite the fact that many more, including Plaintiff Rivera, had passed the 1999 Sergeant's test.

45.    Many more Caucasian police officers were promoted to the position of Sergeant than Hispanics were promoted from the 1999 Sergeant's list.

46.    From at least 1999 and continuing to the present, Hispanic police officers have been disciplined more severely than their non-Hispanic counterparts for minor infractions.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or adopted disciplinary procedures which had a disparate and adverse impact of Hispanic police officers.

9

47.    Hispanic police officers have been discriminatorily singled out by the Port Authority and required to act as translators despite the fact that such service is not a part of their job description.  Moreover, Hispanic police officers have been disciplined, and/or caused to be "out of favor", for refusing to participate in the discriminatory stereotyping advanced by the Port Authority.

48.    Resolution of disciplinary charges has been and continues to be expedited for certain Caucasian police officers as a result of favoritism, nepotism and/or racial discrimination against Hispanic police officers.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or adopted disciplinary procedures which had a disparate and advertise impact on Hispanic police officers.

49.    The presence of pending disciplinary charges in the employee file for a police officer prevents that officer from being considered for promotion to Detective and/or Sergeant.

50.    The presence of pending disciplinary charges in the employee files for certain Hispanic police officers, even though they were for minor infractions for which Caucasian police officers do not receive written charges, was used as a basis for the Port Authority's refusal to promote those Hispanic police officers.

51.    In some instances, the resolution of disciplinary charges for certain

10

Hispanic police officers was deliberately delayed for the purpose of preventing them from being considered for promotion to Detective and/or Sergeant.

52.     Hispanic police officers who have complained about discriminatory treatment to supervisors were either ignored or subjected to retaliatory action.

53.     Because the Port Authority ignored complaints from Hispanic police officers and/or retaliated against them for making complaints, Hispanic police officers have been reluctant to file formal complaints regarding discriminatory treatment over the years.

54.     The dearth of Hispanic police offices in the Detective and supervisory ranks in the Port Authority police force contributes to, encourages, and perpetuates the discriminatory treatment of Hispanic police officers.

55.     From at least 2002, or 1999 in the case of Plaintiff Rivera, and continuing to the present, Hispanic police officers, including Plaintiffs, have been eligible for promotion to Detective and/or Sergeant but were consistently and intentionally passed over for less qualified non-Hispanic police officers.  The promotion criteria for Detective and/or Sergeant are subjective, not published and not standardized.  From year to year, the criteria have ben deliberately altered to favor the promotion of non-Hispanic officers.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or

adopted promotion criteria which had a disparate and adverse impact on Hispanic police officers.

56.   A Sergeant's examination was administered in 2002 (the "2002 test").

57.   Plaintiffs Adorno, Castro, Martinez, Mendez, Rivera and Torres took the 2002 test and passed the written portion.  The 2002 test did not contain an oral portion.

58.   Police officers who passed the 2002 test were placed on a list of police officers eligible for promotion to Sergeant (the "2002 list").

59.   There were at least thirty five (35) Hispanic police officers on the 2002 list, including Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D.  Mendez, Silfredo Rivera and Erick Torres.

60.   The 2002 list became active on or about August 13, 2002.

61.   Throughout the 2003 and 2004 years, forty one (41) police officers were promoted to Sergeant.  Not a single one of those police officers was Hispanic.

62.   According to the Port Authority's letter to the EEOC, as of some time prior to October 5, 2005, of the sixty (60) police officers who were promoted to Sergeant from the 2002 list, only six of them were Hispanic.  Plaintiffs Adorno, Castro, Martinez, Mendez, Rivera and Torres were equally or more qualified for

12

promotion than at least one of the fifty-four (54) non-Hispanic police officers promoted to Sergeant as of the date of the Port Authority's letter.

63.     But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D.  Mendez and Erick Torres would have been promoted to Sergeant and Plaintiff Silfredo Rivera would have been promoted earlier.

64.     The promotion of less qualified non-Hispanic police officers from the 2002 list, in lieu of promoting Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D. Mendez, and Erick Torres, and in lieu of the earlier promotion of Plaintiff Silfredo Rivera, resulted directly from discrimination based upon national origin, race, and ethnicity.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or adopted promotion criteria which had a disparate and adverse impact on Hispanic police officers.

65.     The Port Authority's failure to promote qualified Hispanic police officers to Sergeant from the 2002 list also denied those police officers future advancement opportunities to higher ranks in the police hierarchy.

66.     In response to Plaintiff's EEOC charges, the Port Authority denied all of the material allegations in the EEOC Charges.

67.     Before filing the EEOC Charges, Plaintiffs, in an effort to cause the Port Authority to alter its position, and reform its improper practices, communicated to the Port Authority that an EEOC filing would be made because as of that date only one Hispanic police officer had been promoted to Sergeant from the 2002 list.

68.     After Plaintiffs told the Port Authority that they were going to file EEOC Charges, in an effort to cosmetically appear in compliance with the law but with no effort at remediating its history of discriminatory treatment, in 2005 the Port Authority promoted five Hispanic police officers, including Silfredo Rivera in May 2005, to Sergeant from the 2002 list.  On information and belief, that was the largest number of Hispanics who had been so promoted to Sergeant at one time in the history of the Port Authority.

69.     The average career of a Port Authority police officer is approximately 22 years of service.  By promoting only those Hispanic police officers with many years of service on the police force, the Port Authority limits the upward mobility of Hispanic police officers in the police force hierarchy.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or adopted promotion criteria which had a disparate and adverse impact on Hispanic police officers.

14

70.    But for the unlawful discriminatory and retaliatory conduct of the Port Authority, Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D. Mendez, Silfredo Rivera, Erick Torres and Alberto Welch would have been promoted to Detective and/or Sergeant in 2005 or before.

71.    The promotion of less qualified non-Hispanic officers from the 2002 list, in lieu of promoting Plaintiffs John M.  Adorno, John Castro, Hector Martinez, Juan D.  Mendez, and Erick Torres, or promoting Silfredo Rivera earlier, was a direct result of discrimination based upon national origin, race, color and ethnicity.  Through this practice, the Port Authority intentionally discriminated against Hispanic police officers and/or adopted promotion criteria which had a disparate and adverse impact of Hispanic police officers.

72.    The promotion of other Hispanic officers from the 2002 list, in lieu of promoting Plaintiffs John M. Adorno, John Castro, Hector Martinez, Juan D. Mendez, and Erick Torres, or promoting Silfredo Rivera earlier, was retaliation against said Plaintiffs for complaining Defendant's about discriminatory promotion procedures as well as to asserting their title VII rights.

73.    The Port Authority's failure to promote Plaintiffs, or to promote Silfredo Rivera earlier, all qualified Hispanic police officers, to Detective and/or Sergeant also denied those police officers future advancement opportunities to

15

higher ranks in the police hierarchy.

74.    Plaintiffs were retaliated against for complaining about Defendant's discriminatory actions as well as for asserting their Title VII rights.

## COUNT I

## VIOLATION OF 42 U.S.C. § 2000(e) (TITLE VII)

75.    Plaintiffs incorporate the allegations contained in paragraphs 1 though 74, inclusive.

76.    The Plaintiffs are members of a protected class based on national origin, race, color and ethnicity.

77.    Each Plaintiff's job performance was satisfactory or better at all times.

78.    Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, promotion to Detective and/or Sergeant; and in the case of Silfredo Rivera to an earlier promotion date.

79.    The Port Authority denied and continues to deny Hispanic police officers promotion to Detective and/or Sergeant on the basis of national origin, race, color or ethnicity.

80.    The Port Authority intentionally by-passed and continues to by-pass

16

Hispanic police officers for promotion to Detective and/or Sergeant in favor of non-Hispanic police officers with lesser qualifications.

81.     The Port Authority intentionally subjected and continues to subject Hispanic police officers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Hispanics in respect of the same or similar infractions.

82.     The Port Authority maintained and continues to maintain a racially hostile environment which condones discriminatory treatment.

83.     The Port Authority retaliated against and continues to retaliate against Hispanic police officers who complain about discriminatory treatment.

84.     The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Hispanic police officers.

85.     The employment practices of the Port Authority have had a disparate and adverse impact on Hispanic police officers.

86.     As a result of the foregoing, the Port Authority has violated and continues to violate provisions of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e).

87.     As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

**COUNT II**
**VIOLATION OF 42 U.S.C. §1981**

88.     Plaintiffs incorporate by reference the allegations contained in paragraph 1 through 86, inclusive.

89.     The Plaintiffs are members of a protected class based on national origin, race, color and ethnicity.

90.     Each Plaintiff's job performance was satisfactory or better at all times.

91.     Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, promotion to Detective and/or Sergeant; and in the case of Silfredo Rivera to an earlier promotion date.

92.     The Port Authority denied and continues to deny Hispanic police officers promotion to Detective and/or Sergeant on the basis of national origin, race, color or ethnicity.

93.    The Port Authority intentionally by-passed and continues to by-pass Hispanic police officers for promotion to Detective and/or Sergeant in favor of non-Hispanic police officers with lesser qualifications.

94.    The Port Authority intentionally subjected and continues to subject Hispanic police officers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Hispanics in respect of the same or similar infractions.

95.    The Port Authority maintained and continues to maintain a racially hostile environment which condones discriminatory treatment.

96.    The Port Authority retaliated against and continues to retaliate against Hispanic police officers who complain about discriminatory treatment.

97.    The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Hispanic police officers.

98.    Through the above-mentioned activities, the Port Authority has denied Plaintiffs the right to make and enforce contracts, as the term "make and enforce contracts" is defined by 42 U.S.C. §1981.  The retaliation, denial of opportunity, and other differential treatment experienced by Plaintiffs are the

direct result of discrimination by the Port Authority based upon national origin, race, color or ethnicity.

99.    As a result of the foregoing, the Port Authority has violated and continues to violate 42 U.S.C. §1981, as amended.

100.   As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983

101.   Plaintiffs incorporate by reference the allegations contained in paragraph 1 through 99, inclusive.

102.   The Plaintiffs are members of a protected class based on national origin, race, color and ethnicity.

103.   Each Plaintiff's job performance was satisfactory or better at all times.

104.   Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, promotion to Detective and/or Sergeant; and in the case of Silfredo Rivera to an earlier

promotion date.

105.   The Port Authority denied and continues to deny Hispanic police officers promotion to Detective and/or Sergeant on the basis of national origin, race, color or ethnicity.

106.   The Port Authority intentionally by-passed and continues to by-pass Hispanic police officers for promotion to Detective and/or Sergeant in favor of non-Hispanic police officers with lesser qualifications.

107.   The Port Authority intentionally subjected and continues to subject Hispanic police officers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Hispanics in respect of the same or similar infractions.

108.   The Port Authority maintained and continues to maintain a racially hostile environment which condones discriminatory treatment.

109.   The Port Authority retaliated against and continues to retaliate against Hispanic police officers who complain about discriminatory treatment.

110.   The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Hispanic police officers.

21

111.   The Port Authority acts under the color of state law.

112.   The Port Authority has violated, and continues to violate, federal law, including the Fourteenth Amendment to the United States Constitution.

113.   As a result of the foregoing the Port Authority has violated and continues to violate 42 U.S.C. §1983, as amended.

114.   As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant as follows:

a.   for compensatory damages and back pay including but not limited to lost income, lost pension, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress, in an amount to be proven at trial;

b.   for a declaration that Defendant's conduct is a violation of the statutes alleged herein;

c.   for injunctive relief requiring Defendant to promote Plaintiffs to the

positions to which they are entitled with retroactive seniority, benefits, and grade;

d.    for injunctive relief prohibiting Defendant from continuing its discriminatory practices and retaliatory treatment against the Plaintiffs;

e.    for costs, attorneys' fees, and interest including pre- and post-judgment interest; and

f.    for such other and further relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:      New York, New York
            April 24, 2006

                      /s/ Arnold Pedowitz
                      ARNOLD H. PEDOWITZ (AP-1382)
                      Pedowitz & Meister, LLP
                      Attorneys for Plaintiffs
                      1501 Broadway, Suite 800
                      New York, NY 10036
                      (212) 403-7321

## CERTIFICATION OF SERVICE OF AMENDED COMPLAINT

DAVID BARTKY, certifies the following to be true under the penalty of perjury:

On April 28, 2006, I caused the Amended Complaint to be personally served on

Defendant, The Port Authority of New York by having same personally delivered to the law

offices of Milton H. Patcher, Esq., 225 Park Avenue South, 13th Floor, New York, NY 10003,

Attn: Megan Lee, Esq.


DATED: April 28, 2006


                                      __/s/David Bartky_____
                                        DAVID BARTKY

24